AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED
November 04, 2026
Nathan Ochsner, Clerk of Court

United States of America
v.

Jose Ernesto Cardenas Gonzalez

*Defendant(s)*

Case No. **4:26-mj-708**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 12, 2023 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | a native and citizen of Mexico, and an alien who had been previously deported from the United States was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557. |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Ashley N. Tome, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 11/04/2026

[signature: Yvonne Y. Ho]
*Judge's signature*

City and state: Houston, Texas

Hon. Yvonne Y. Ho, United States Magistrate Judge
*Printed name and title*

**4:26-mj-708**

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ashley Tome, being duly sworn telephonically, hereby depose and say:

(1) I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 21, 2025. My federal law enforcement career began May 21, 2023, as a Customs and Border Protection Officer. I currently have over 3 years of federal law enforcement experience.

(2) On November 3, 2026, Jose Ernesto Cardenas Gonzalez ("Defendant") was transferred from Texas Department of Criminal Justice (TDCJ) to the custody of Immigration and Customs Enforcement (ICE) pursuant to a detainer. On November 3, 2026, he was identified as eligible for prosecution for violating 8 U.S.C. § 1326(a).

(3) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a).

(5) Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6) Element Two: The Defendant has previously been deported or removed from the United States the following occasions:

1. Removed on April 28, 2013
2. Removed on March 28, 2013
3. Removed on August 31, 2012

(7) Element Three: After deportation, the Defendant was subsequently found in the United States on April 12, 2023, in Harris County, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in the paragraph. LESC responded that there were no such encounters.

(8) Element Four: The Defendant did not have permission to reenter the United States. On November 3, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of theImmigration Service.

(9) Prior Criminal History: The Defendant has the following prior criminal history:

a) On May 19, 2026, the Defendant, using the name, Jose Ernesto Cardenas-Gonzalez, was convicted in the 179th District Court of Harris County, Texas, for the Felony offense of DWI Third committed on or about December 20, 2025, in Cause No. 194535301010. Defendant was sentenced to 2 years state prison in Texas Department of Criminal Justice.

b) On August 30, 2023, the Defendant, using the name, Jose Cardenas, was convicted in the County Criminal Court at Law No.12 of Harris County, Texas, for the Misdemeanor offense of DWI 1ST Offender BAC>=0.15 committed on or about April 10, 2023, in Cause No. 245374201010. Defendant was sentenced to 45 days in county jail.

c) On August 2, 2012, the Defendant, using the name, Jose Ernesto Cardenas-Gonzalez, was convicted in the County Criminal Court at Law No. 8 of Harris County, Texas, for the Misdemeanor offense of DWI BAC>=0.15 committed on or about August 02, 2012, in Cause No. 184242001010. Defendant was sentenced to 30 days in county jail.

(10) On November 3, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning the criminal complaint. On or about that day, Assistant U.S. Attorney Carrie Law accepted this case for prosecution for violation of 8 U.S.C. § 1326(a).

Ashley Tome, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on 4th day of November 2026, and I find probable cause.

Hon. Yvonne Y. Ho
United States Magistrate Judge
Southern District of Texas